# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Rena Michelle Eravi** § | | **Civil Action No.:** |
| Plaintiff, § | | |
| § | | |
| **vs.** § | | **5:20-cv-257** |
| § | | |
| **Gonzales County, Texas** § | | |
| Defendant. § | | **A Jury Is Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Rena Michelle Eravi, Plaintiff, herein, complaining of Gonzales County, Texas, Defendant herein, and for cause of action would show the following:

## JURISDICTION AND VENUE

1. This case is brought pursuant to Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331.

2. Venue is invoked pursuant to 28 U.S.C. 1391.

## PARTIES

3. The Plaintiff, Rena Michelle Eravi, is a female adult resident of the United States of America.

4. The Defendant, Gonzales County, Texas, is a state governmental agency located in Gonzales, Gonzales County, Texas. Defendant may be served with process upon its chief executive officer, Patrick C. Davis, 414 St. Joseph St., Ste. 200, Gonzales, Texas 78629

## STATEMENT OF FACTS

5. The Defendant is a person who is an employer engaged in an industry affecting commerce and who had 500 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. (42 U.S.C. 2000e(a); 42 U.S.C. 2003(b)).

6. The Plaintiff was first employed by the Defendant on or about December 20, 2013 as a detention officer in the Gonzales County Jail at an hourly wage rate of $15.26.

7. Plaintiff was terminated effective September 7, 2018.

8. Plaintiff's hourly wage rate on the date she was terminated was $20.34.

9. Cynthia Perez and Gracie Crumley were co-workers of Plaintiff.

10. Prior to, but shortly before September 4, 2018 Cynthia Perez advised Gracie Crumley of complaints she had about Caesar Martinez' conduct toward her.

11. Cynthia Perez' complaints about Caesar Martinez' conduct consisted, in part, of sexual remarks he would make.

12. The Gonzales County Sheriff's Office's General Operations Manual directs an employee ". . . who believes they have been subjected to sexual harassment files(sic) complaints using the appropriate process.  Typically, the first complaint is directed to the first line supervisor."

13  Attached hereto as Exhibit "A" is a true and correct page from the Gonzales County Sheriff's Office' General Operations Manual.

14. The Gonzales County Sheriff's Office' General Operations Manual further directs ". . . **any** (emphasis added) supervisor who may receive a complaint of sexual harassment

to investigate and resolve such complaint. Failure to do so may result in disciplinary action up to the including termination."

15. On or about September 4, 2018, Gracie Crumley approached the Plaintiff and asked for her assistance in proofreading an email she intended to send to her supervisors regarding Cynthia Martinez' complaints about Caesar Martinez's conduct.

16. Plaintiff agreed to assist Gracie Crumley in proofreading the email she intended to send to her supervisors.

17. At 8:23 p.m. on September 5, 2018 Gracie Crumley sent an email to her supervisors regarding Cynthia Perez' complaints about Caesar Martinez' conduct.

18. Attached hereto as Exhibit "B" is a true and correct copy of the September 5, 2018 email Gracie Crumley sent to her supervisors.

19. The email Gracie Crumley emailed to her supervisors on September 5, 2018 did not state when Cynthia Perez alleged Caesar Martinez made the alleged sexual remarks.

20. At 4:34 a.m. on September 7, 2018, Plaintiff sent an email to James McWhorter, her supervisor, regarding the conversation she had with Gracie Crumley on or about September 4, 2018.

21. Attached hereto as Exhibit "C" is a true and correct copy of the email Plaintiff sent to James McWhorter at 4:34 a.m. on September 7, 2018.

22. Plaintiff's email to James McWhorter dated September 7, 2018 references a second sexual harassment complaint by Cynthia Perez regarding Caesar Martinez' conduct.

23. Plaintiff's conduct in emailing James McWhorter regarding Cynthia Perez' complaint about Caesar Martinez' conduct was in accordance with the policy set forth by the Gonzales County Sheriff as set forth in Exhibit "A."

24. At approximately 6:30 p.m., less than 14 hours after Plaintiff emailed Exhibit "C" to her supervisor. she was called in to Lynn Wilburn's, chief of the jail, office and was terminated because she was creating a "ruckus."

25. In response to Plaintiff's claim for unemployment insurance benefits the Defendant replied that she was terminated for harassing other employees.

26. As a result of Defendant's response to Plaintiff's claim for unemployment insurance benefits, Plaintiff was denied any benefits.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27. The Plaintiff timely filed a charge of retaliation she suffered at the hands of the Defendant. The EEOC issued a right to sue letter on February 18, 2020, authorizing this civil action. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this Complaint. All administrative prerequisites and conditions precedent have occurred or been performed.

## DISCRIMINATION BY RETALIATION

28. Plaintiff incorporates herein by reference paragraphs 5-30.

29. The Defendant at all times pertinent hereto acted by and through its authorized agents, employees and/or representatives.

30. The Defendant's acts and/or omissions as outlined above discriminated against Plaintiff on account that she opposed acts made an unlawful employment practice by 42 U.S.C. 2000e *et seq.* Defendant's retaliation included but was not limited to firing Plaintiff.

## DAMAGES

31. The damages suffered by Plaintiff include lost wages and benefits, as well as compensatory damages for the injuries suffered at the hands of the Defendant, including but not limited to, mental anguish.

## ATTORNEYS' FEES

32. Plaintiff is entitled to an award of attorneys' fees, expert fees and allowable costs under Title VII, 42 U.S.C. §2000e-5(k).

## JURY DEMAND

33. The Plaintiff requests a jury trial on all questions of fact raised by Plaintiff's complaint.

## RELIEF REQUESTED

The Plaintiff asks this court to enter a judgment:

1. Declaring that the acts and practices complained of in this Complaint are in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. 2000e *et seq.*), and 29 U.S.C. §2601 *et seq.*

2. Enjoining and permanently restraining the violations of law;

3. Directing the Defendant to pay the plaintiff actual and compensatory damages that she suffered, past and future;

4. Awarding Plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

5. Awarding Plaintiff the costs of this action, together with reasonable attorney's fees and expert witness fees;

6. Awarding Plaintiff post-judgment interest on the amount of the judgment until paid at the maximum rate allowed by law; and

7. Awarding Plaintiff such other relief, legal or equitable, as may be warranted.

                                  Respectfully submitted,

                                  */s/ Oscar H. Villarreal*
                                  OSCAR H. VILLARREAL
                                  Texas Bar No.:  20583900
                                  10 Canterview
                                  San Antonio, Texas 78254
                                  (210) 887-5181 Telephone
                                  (210) 698-5364  Telecopier
                                  ohvillarreal@ohvlaw.com

                                  Lead Counsel

                                  */s/ Ali Hakeem*
                                  ALI HAKEEM
                                  Texas Bar No.:  24065354
                                  21022 Gathering Oak
                                  San Antonio, Texas 78260
                                  (210) 899-3631 Telephone
                                  (210) 899-3632 Telecopier
                                  ali@hakeemlaw.com

                                  ATTORNEYS FOR PLAINTIFF